IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAKA ARCONGE FREEMAN,
    Plaintiff,

v.

DIANA MICHELLE JESTER, *in her Official Capacity, et al.*,
    Defendants.

Civil Action No.
1:22-cv-05130-SDG

**OPINION AND ORDER**

This matter is before the Court on a frivolity review of Plaintiff Shaka Arconge Freeman's Complaint under 28 U.S.C. § 1915. For the reasons explained below, Freeman's pleading fails to state a claim and is dismissed. His motion seeking service on Defendants [ECF 8] is denied as moot.

**I.    Factual Background**

Freeman named as Defendants a slew of Georgia State government officers in their official capacities, including employees and officers of the Department of Driver Services (DDS) and the current and former Georgia Governors.[1] He asserts claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights and

---

[1]    ECF 3, at 2–4. Specifically, Defendants are two clerks of DDS; a DDS regional manager; the former Governor of Georgia; the current Governor; two DDS commissioners; unnamed "Final Policy Making Authorities" of DDS; the "law division" of DDS and certain of its members; the Georgia Department of Law; and DDS's regulatory compliance and board of driving services divisions. *Id.*

under various Georgia and Illinois state laws.² Freeman alleges that, in August 2015, abstracts of his Georgia driving history were sent by DDS to the "Cook County States Attorneys Office" without the seal of the State of Georgia. He seems to contend that, because they lacked the seal, the abstracts were fabricated. Those abstracts were purportedly used in a criminal case in Illinois—something Freeman claims was a violation of his constitutional rights.³ He also alleges that his rights were violated when DDS failed to provide a basis for denying his application for reinstatement of his Georgia driver's license.⁴ Freeman requests compensatory and punitive damages, as well as reinstatement of his Georgia driver's license and a recommendation that his Illinois license be reinstated.⁵

## II. Standard of Review

Freeman is appearing *pro se*, so the Court construes the Complaint leniently and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (similar). But that leniency does not permit the Court "to rewrite an otherwise deficient pleading." *GJR Invs., Inc.*

---

2   *Id.* at 6–9.
3   *Id.* at 10–13.
4   *Id.* at 14–15.
5   *Id.* at 15–16 ¶¶ 3d, 3e.

*v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

Freeman was also granted leave to proceed *in forma pauperis*.[6] When a plaintiff is allowed to proceed in this manner—that is, without prepayment of court costs—the case is subject to dismissal if the action is frivolous, the complaint fails to state a claim, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The purpose for these restrictions is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). The Court is authorized to dismiss such an action before service of process, to spare the defendant the inconvenience and expense of answering a frivolous complaint. *Neitzke*, 490 U.S. at 324.

Finally, in the context of a frivolity determination, the Court may "pierce the veil of the complaint's factual allegations" and is not bound to accept without

---

6   ECF 2.

question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), *superseded by statute on other grounds as recognized in Walp v. Scott*, 115 F.3d 308, 309 (5th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 327).

## III.  Discussion

A claim is frivolous if it lacks an arguable basis in law or in fact, *Neitzke*, 490 U.S. at 325, such as when the legal theories are "indisputably meritless," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (cleaned up), or the pleading seeks to enforce a right that clearly does not exist, *Neitzke*, 490 U.S. at 327. A complaint fails to state a claim if it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### A.  Federal Claims

#### 1.  Monetary Damages

Freeman's § 1983 claims are impermissible and therefore frivolous. Section 1983 provides a method of vindicating federal rights secured by the United States Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Freeman alleges that Defendants in their official capacities violated his First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution. Section 1983 claims, however, can only be brought against "persons." 42 U.S.C. § 1983 ("Every ***person*** who . . . .") (emphasis added). State

governmental officials acting in their official capacity and state agencies are not "persons" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71, 71 n.10 (1989) (official capacity claims); *McGuire v. Fla. Lottery*, 520 F. App'x 850, 851 (11th Cir. 2013) (per curiam) (claims against state agencies). Since all the defendants named in this case are Georgia officials sued in their official capacities or State agencies, Freeman cannot pursue damages claims against them under § 1983. *See, e.g.*, *Tindol v. Ala. Dep't of Revenue*, 632 F. App'x 1000, 1002 (11th Cir. 2015) ("[N]o remedy is provided by § 1983 for a Complaint naming only state officials in their official capacities and seeking monetary damages.").

Moreover, under the Eleventh Amendment, state officials sued in their official capacities and state agencies are immune from suit in federal court. *Will*, 491 U.S. at 66. The Complaint does not identify any waiver of such immunity. Accordingly, Freeman's § 1983 claims for monetary relief also fail for this reason.

2.   **Injunctive Relief**

By contrast, an award of prospective injunctive relief against state officials sued in their official capacity under § 1983 is possible. *Will*, 491 U.S. at 66, 71 n.10 (noting that, in such instances, the state officials are "persons" under § 1983); *but see Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 497 (11th Cir. 2017)

(indicating such relief is not available against state agencies). Even considering Freeman's request for injunctive relief, however, he has failed to state a claim.[7]

To the extent Freeman asks for the reinstatement of his Georgia driver's license, the Complaint does not clearly identify how his constitutional rights were violated by the revocation of his license in the first instance. And far from failing to provide a basis for the suspension (as Freeman contends),[8] DDS indicated that it revoked his license because the State of Illinois reported a problem with his driving privileges there.[9] DDS also informed Freeman what he needed to do to begin addressing the problem.[10] Freeman points to no constitutional provision entitling him to a Georgia (or Illinois) driver's license. *See, e.g., Burlison v. Rogers*, 311 F. App'x 207, 208 (11th Cir. 2008) (per curiam) ("[P]ossession of a driver's license . . . is a right created only by state law, it is not a right that gives rise to substantive due process protection under the Due Process Clause.").

Freeman does, however, suggest that he was denied the ability to appeal Georgia's revocation of his license.[11] The letter from DDS attached to the

---

7   Freeman appears to seek injunctive relief only under the 14th Amendment for alleged procedural due process and equal protection violations. ECF 3, at 15 ¶¶ 2f, 2g.

8   *See, e.g., id.* at 14.

9   *Id.* at 54.

10  *Id.*

11  *Id.* at 14.

Complaint does not contain any information about how Freeman could challenge the suspension of his license.[12] If properly pleaded, that type of claim could form the basis of a procedural due process cause of action. *Id.* (indicating that procedural due process requires notice and an opportunity to be heard).

The problem is that Freeman has not properly pleaded a cause of action. He suggests that DDS's release of the abstract of his driving record to Illinois without a subpoena was improper, which (according to Freeman) led to his criminal conviction, leading to Illinois revoking his license, leading to the revocation of his Georgia license.[13] But this does not clearly allege how he was denied procedural due process by Georgia's refusal to reinstate his license. A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A license revocation without any ability to appeal or cure the defect might create a cause of action for injunctive relief, but Freeman has not clearly alleged that that's what happened here. Nor is it clear how the

---

[12] *Id.* at 54. Confusingly, Freeman also alleges that his application for reinstatement with Georgia was denied—which would indicate that he did have the opportunity to appeal and that no deprivation of procedural due process occurred. *Id.* at 14.

[13] *Id.* at 11.

remedy to such a deprivation would be to reinstate Freeman's license rather than requiring that he be provided any process that was due in the first place.

Moreover, his shotgun allegations lodge any potential procedural due process violation against every named Defendant. It is difficult to see, for example, how former Georgia Governor Nathan Deal or current Governor Brian Kemp would be proper targets of such a claim. And even if they were, the Complaint provides no plausible factual allegations supporting such a cause of action against an undifferentiated mass of Defendants. The Complaint is thus the quintessential shotgun pleading.

Shotgun pleadings violate Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (concluding that a shotgun pleading is "never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so."). They fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). While Freeman asserts that his constitutional rights were violated, he has not articulated any specific cause of action, explained how each Defendant supposedly violated his rights, or tied the facts alleged to any procedural due process violation. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x

368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"); *see also Weiland*, 792 F.3d at 1323 (describing shotgun complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").

The Eleventh Circuit has indicated that, when a complaint is dismissed as a shotgun pleading, it is appropriate to instruct the party to replead. *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). And, where a *pro se* plaintiff may be able to correct the deficiencies in the pleading, he should be given the opportunity to replead. *Jackson v. Bank of Am.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies."); *see also Walters v. Sec'y, Fla. Dep't of Corr.*, 743 F. App'x 401, 402 (11th Cir. 2018) ("To the extent the district court dismissed Walters's complaint as a shotgun pleading, the court ought to have given him the opportunity to replead, with instructions."). Accordingly, Freeman may replead to assert a procedural due process claim for injunctive relief against the appropriate official or officials in connection with the revocation of his Georgia driver's license.

### B. State Law Claims

The Eleventh Amendment also prohibits Freeman's attempt to sue state agencies and state officials in their official capacities under state law. *Nicholl*, 706 F. App'x at 495 (citation omitted) ("The Eleventh Amendment prohibits federal courts from exercising jurisdiction over lawsuits against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity."). Nothing in the Complaint suggests that there has been any waiver or override of Georgia's immunity in this regard.

In addition, claims for damages under Georgia (rather than federal) law are barred by sovereign immunity. "Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." *Cameron v. Lang*, 274 Ga. 122, 126 (2001). Sovereign immunity "protects all levels of governments from legal action unless they have waived their immunity from suit." *Id.* The Complaint contains no facts suggesting that sovereign immunity has been waived. Accordingly, to the extent Freeman is attempting to pursue any state-law claims, he cannot do so in this Court.

## IV. Conclusion

Freeman's claims for monetary damages under § 1983 and any state-law claims are barred and cannot be repleaded to avoid frivolousness. Those claims are **DISMISSED with prejudice**. Freeman's procedural due process claim seeking

injunctive relief does not state a claim and is therefore frivolous as pleaded. Accordingly, that claim is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). Freeman may, **on or before November 1, 2024**, file an amended complaint that repleads his procedural due process claim for injunctive relief. Failure to timely do so may subject this action to dismissal with prejudice. In the interim, the Clerk of Court is **DIRECTED** to close this case.

Freeman's motion to allow defendants to be served [ECF 8] is **DENIED as moot.**

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge